CHARLOTTE M. MACPHERSON

*v.*

CHARLES A. MORRILL.

*Opinion filed April 18, 1901.*

The court reviews the evidence in this case, and sustains the action of the lower court in dismissing appellant's bill to enjoin foreclosure of a chattel mortgage and in decreeing foreclosure as prayed in appellee's cross-bill.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

GEORGE AMBROSE, and BENJAMIN J. SAMUELS, for appellant.

PIERSON & PEASE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charlotte M. Macpherson, appellant, and Angus D. Macpherson, her husband, filed their bill in the circuit court of Cook county against appellee, praying for an injunction against the foreclosure of a chattel mortgage upon a piano executed by them to Lyon & Healy and assigned to appellee. They also alleged that Angus D. Macpherson, the husband, had been in the employ of appellee as a traveling salesman at a certain salary; that on September 27, 1898, there was due from them on the mortgage to Lyon & Healy about $117, and on another mortgage executed by them on their household goods, chattels and effects to F. P. Archer, and assigned to appellee, about $124; that appellee then importuned them to permit him to advance the balance due on said mort-

gages and have the same assigned to him and to execute a further chattel mortgage to secure him for his advances; that they executed the third chattel mortgage to appellee on the same property securing their notes, amounting to $1000, for his security, and that appellee paid the balance due on the mortgages to Lyon & Healy and to F. P. Archer and secured assignments of the same to himself. They prayed for an accounting with appellee respecting their affairs and the said chattel mortgages, and that he should be enjoined from selling or disposing of said piano or any other of said household goods, chattels or effects. Appellee answered the bill and filed his cross-bill for the foreclosure of the three mortgages, claiming that he had purchased the mortgage to Lyon & Healy for $113.71 and the mortgage to F. P. Archer for $124, the amounts respectively due on them, and averring that the mortgage to him for $1000 was made for a *bona fide* indebtedness of Angus D. Macpherson to him. The cross-bill was answered and the cause was referred to a master in chancery to take proofs and report his conclusions. The master reported in favor of appellee, and recommended the dismissal of the original bill and the granting of the relief prayed for in the cross-bill. Exceptions to the master's report were overruled and a decree was entered accordingly. Appellant and her husband, who were complainants in the original bill, appealed to the Appellate Court for the First District, where the decree was affirmed. Angus D. Macpherson, the husband, abandoned the further prosecution of his claim, and appellant prosecuted this appeal.

The argument for appellant relates solely to the facts, and her claim is that the decree is contrary to the evidence. It would be useless to repeat the testimony of witnesses at length. We have read it and given it full consideration, and are satisfied with the conclusions of the master, circuit court and the Appellate Court. Appellant's husband was traveling salesman for appellee

in his business as a wholesale tea merchant in Chicago. The salary for such employment was fixed at $40 per week and expenses, the salary to be paid to appellant. He sent to appellee many large orders for tea, and the goods being shipped they were refused and returned because not ordered. Appellee was paying Macpherson a salary, and was also compelled to pay freight both ways and other expenses connected with the numerous alleged orders which were never given. Appellee had Macpherson's I. O. U. for $60, and Macpherson testified that he agreed to pay return freight charges on goods shipped and refused. Appellee claimed something like $1600 for freight, damages and expenses, but agreed to accept $1000 for his entire claim if it was secured to him. Appellant was not at home, and Macpherson gave appellee a bill of sale of the household effects, and a custodian was put in charge of the residence. Appellant was sent for and came home and the mortgage for $1000 was executed. After it was made the custodian was discharged. Appellee took up the prior mortgages on the property and paid the amounts due. The claim of appellant was that she did not understand the mortgage for $1000 was to secure anything further than to indemnify appellee against the prior encumbrances. She had given chattel mortgages before and understood their nature and was capable of understanding business affairs. No deceit or deception was practiced upon her by appellee,. and she knew that the notes amounted to $1000 and that the mortgage was for that sum. She did not sustain her bill, but the evidence is that the appellee was without fault in the transaction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*